LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SECUNDINO VELASQUEZ, on behalf of himself and
all other similarly situated persons,

                              Plaintiffs,                           **COMPLAINT**

    -against-

MEDITERRANEAN SNACK BAR, INC. and
STEVEN SOULELLIS, Individually,

                              Defendants.
-----------------------------------------------------------------------X

       Plaintiff, SECUNDINO VELASQUEZ, by and through his counsel the Law Office of Peter

A. Romero PLLC, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action, on behalf of himself and other employees similarly

situated, against Defendants to remedy violations of the Fair Labor Standards Act ("FLSA")

pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

      2.     Plaintiff also brings this action against Defendants to remedy violations of the New

York Labor Law ("NYLL").

## JURISDICTION AND VENUE

      3.     Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29

U.S.C. §216(b) and 28 U.S.C. §§1331.

4.     Jurisdiction of the Court over Plaintiff's NYLL claims is invoked under 28 U.S.C. §1367.

5.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6.     Defendants do business within the Eastern District of New York and maintain a place of business at 360 New York Avenue, Huntington, New York 11743.

## PARTIES

7.     The Defendant, Mediterranean Snack Bar, Inc., is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

8.     The Defendant, Steven Soulellis ("Soulellis"), is an owner and/or officer of the corporate defendant, has authority to make payroll and personnel decisions for the Mediterranean Snack Bar, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

9.     Plaintiff Secundino Velasquez ("Plaintiff") resides in the County of Suffolk, State of New York.

10.    At all relevant times, Plaintiff was a non-exempt, hourly paid employee of the Defendants.

11.    Defendant Mediterranean Snack Bar has annual gross incomes in excess of $500,000.00.

12.    At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

# FACTUAL ALLEGATIONS

13.    Plaintiff was an hourly-paid, tipped employee of the Defendants during the period 2013 to April 2017.

14.    Defendants claimed a tip credit toward their obligation to pay Plaintiff the statutory minimum wage.

15.    Throughout his employment with Defendants, Plaintiff regularly worked in excess of forty hours in a workweek.

16.    At all times relevant, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times the statutory minimum wage for all hours Plaintiff worked after 40 hours in a single workweek.

17.    For example, during the period beginning June 21, 2015 and ending June 27, 2015, Plaintiff worked a total of 50 hours. Defendants paid Plaintiff at a tipped rate for the first 40 hours worked during this pay period, but failed to pay Plaintiff at one and one-half times the full federal minimum wage for the hours he worked after 40 during the pay period.

18.    During the period beginning July 19, 2015 and ending July 25, 2015, Plaintiff worked a total of 49 hours. Defendants paid Plaintiff at a tipped rate for the first 40 hours worked during this pay period, but failed to pay Plaintiff at one and one-half times the full federal minimum wage for the hours he worked after 40 during the pay period.

19.    Throughout his employment with Defendants, Plaintiff often worked in excess of ten hours in a single day.

20.    Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded ten hours.

21.     Plaintiff worked over 40 hours per week in most workweeks during his employment with Defendants, but was not paid overtime at the rate of one and one-half times the statutory minimum hourly rate of pay.

22.     Defendants' failure to pay Plaintiff and the FLSA Collective at the required overtime rate was willful.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff and other FLSA Collective Action Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to properly pay them overtime pay for hours worked in excess of forty (40) hours each week.

24.     Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

25.     Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All current and former non-exempt hourly employees who worked
> for Defendants at any time during the three (3) years prior to the
> filing of their respective consent forms.

26.     Other current and former employees of Defendants should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court

promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

27. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the statutory minimum wage in violation of the FLSA.

30. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

31. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

32. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW)

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants employed Plaintiff for workweeks longer than forty hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty hours per week at a rate of at least one and one-half times the statutory minimum wage in violation of the NYLL.

35. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

36. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW: SPREAD-OF-HOURS PAY

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants failed to pay Plaintiff one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law 650 et seq. and 12 NYCRR §142-2.4.

39. Defendants' failure to pay spread-of-hours pay was willful.

40. As a result of Defendants' violations, Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)      Certification of a collective action pursuant to 29 U.S.C. §216(b), unpaid overtime wages and an additional and equal amount as liquidated damages;

(ii)      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)      Unpaid overtime wages and spread-of-hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)      Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(vi)      Such other relief as this Court deems just and proper.

Dated: Babylon, New York
　　　　April 18, 2017

　　　　　　　　　　　　　　　LAW OFFICE OF PETER A. ROMERO PLLC

　　　　　　　　By:　  _____
　　　　　　　　　　　　　　　Peter A. Romero, Esq.
　　　　　　　　　　　　　　　103 Cooper Street
　　　　　　　　　　　　　　　Babylon, NY 11702
　　　　　　　　　　　　　　　(631) 257-5588
　　　　　　　　　　　　　　　Promero@RomeroLawNY.com

　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Mediterranean Snack Bar to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____
Secundino Velasquez

4 / 18 / 17
Date